UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFTON KLUSER and DAVID
SPENCER, on behalf of themselves and
others similarly situated,

              Plaintiffs,

       vs.                       CASE NO.:

AREA WIDE PROTECTIVE, INC.,
d/b/a AWP, INC., a foreign profit
corporation,
              Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs CLIFTON KLUSER and DAVID SPENCER ("Plaintiffs"), on behalf of themselves and other similarly situated employees, bring this action for unpaid overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) (the "FLSA") against AREA WIDE PROTECTIVE, INC., ("Defendant").

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, under the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs and other relief.

2. The jurisdiction of the Court over this controversy is pursuant to 28 U.S.C. §1331 and the FLSA.

3. Venue is proper in this Court because violations of the FLSA occurred in this Judicial District and Defendant maintains an office and regularly conducts business in this

Judicial District.

## PARTIES

4. Plaintiff Spencer was employed by Defendant as a traffic control specialist from April 2016 through August 2016, and performed related activities for Defendant in Florida. Plaintiff's job duties included setting up safety zones and directing traffic to ensure road crews were able to complete roadside tasks.

5. Plaintiff Kluser was employed as a senior traffic control specialist from April 2015 through August 2016. Plaintiff's job duties included driving work crews to job sites, setting up safety zones and directing traffic to ensure road crews were able to complete roadside tasks.

6. Defendant Area Wide Protective, Inc., d/b/a AWP, Inc. is a Foreign Profit Corporation that operates and conducts business in, among others, Pinellas County, Florida, and is therefore within the jurisdiction of this Court. Defendant is in the business of temporary traffic control, providing safety services to roadside work crews.

## STATEMENT OF FACTS

7. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1337 and the FLSA.

9. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, as defined by 29 U.S.C. §§203(r) and 203(s). Defendant had gross revenues of at least $500,000.00 and employees engaged in commerce. Defendant's employees handle and use products that have been moved in or produced in commerce, such as vehicles barricades, flags and tablets.

10. Defendant is a company authorized and doing business in this Judicial District.

11. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

12. Defendants had a policy of requiring employees to work before and after their scheduled shift without compensation.

13. For example, employees were not permitted to "clock in" for pay purposes until they arrived on the actual job site to which they had been assigned. Similarly, employees were required to "clock out" for pay purposes when the road crews to which they were assigned completed their roadside tasks.

14. However, Plaintiffs performed work before being permitted to "clock in" for pay purposes, for which Plaintiffs were not compensated. Similarly, Plaintiffs were required to continue performing work after being required to "clock out" for pay purposes, for which Plaintiffs were not compensated.

15. Moreover, Plaintiffs were not compensated for travel time to and from job sites, which originated and concluded at Defendant's offices.

16. As a traffic control specialist, Plaintiff Spencer was not exempt from the overtime requirement of the FLSA.

17. As a senior traffic control specialist, Plaintiff Kluser was not exempt from the overtime requirement of the FLSA.

18. Plaintiffs were not compensated in any way for the "off the clock" work performed for the benefit of Defendant.

19. Defendant was aware Plaintiffs were performing "off the clock" work without compensation because Defendant implemented and enforced the underlying policies requiring

Plaintiffs to work off the clock.

20. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Defendant did not pay Plaintiffs overtime wages for those hours worked in excess of forty (40) within a work week.

21. During their employment with Defendant, Plaintiffs were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) within a work week during one or more weeks of employment.

22. Upon information and belief, the records, to the extent that any exist, concerning the number of hours worked and amounts paid to Plaintiffs are in the possession, custody and control of the Defendant.

23. Upon information and belief, Defendant did not rely on and Department of Labor Wage and Hour Opinions or the advice of an attorney in creating its pay policies.

24. Defendant has the resources to ensure compliance with the FLSA. Therefore, Defendant knew or should have known with reasonable diligence that their conduct violated the Fair Labor Standards Act.

25. Defendant was aware that their policies violated the FLSA. Specifically, Defendant previously paid employees for work performed before the arrival at the assigned job site and after departure of the road crews, as well as travel time to and from job sites departing from and returning to Defendant's offices.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

26. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-25 above.

27. Plaintiffs were entitled to be paid time and one-half their regular rate of pay for each

hour worked in excess of forty (40) per work week.

28. During their employment with Defendant, Plaintiffs regularly worked overtime hours but were not paid time and one-half compensation for the same.

29. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiffs time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs have suffered damages and are incurring reasonable attorneys' fees and costs.

30. Defendant was aware Plaintiffs performed non-exempt job duties but still refused to pay Plaintiffs overtime for hours worked over forty (40).

31. Defendant did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

32. Defendant failed to post required FLSA informational listings as required by the FLSA.

33. Defendant's conduct was in reckless disregard of the overtime requirements of the FLSA.

34. Defendant willfully violated the FLSA.

35. Plaintiffs are entitled to liquidated damages.

36. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

# COUNT II
## COLLECTIVE ACTION, VIOLATION OF FLSA
### (FAILURE TO PAY OVERTIME)

37. Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-25 above.

38. At all times material, Defendant employed numerous other non-exempt employees who worked as traffic control specialists and senior traffic control specialists, who were subject to the same unlawful pay practices and who worked a substantial number of hours in excess of forty (40) per week.

39. Defendant failed to pay individuals similarly situated to Plaintiffs one and one half times their regular hourly rate, for all hours worked in excess of forty (40) in each week, in violation of the FLSA.

40. Defendant's failure to pay such similarly situated individuals the required overtime rate was willful and in reckless disregard of the FLSA.

41. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiffs have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

**WHEREFORE**, Plaintiffs demand that similarly situated employees have judgment entered against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked over forty for which Defendant did not properly them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and all further relief that this Court deems to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 5th day of January 2017.

**MORGAN & MORGAN, P.A.**

**/s/ *Marc R. Edelman***
MARC R. EDELMAN, ESQ.
Fla. Bar No. 0096342
Morgan & Morgan, P.A.
201 N. Franklin Street, Suite 700
Tampa, FL 33602
Telephone: 813-223-5505
Fax: 813-257-0572
Email: Medelman@forthepeople.com
*Attorney for Plaintiff*