UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFTON KLUSER and DAVID
SPENCER, on behalf of themselves and
others similarly situated,

              Plaintiffs,

    vs.                          CASE NO.:   8:17-CV-00062-EAK-MAP

AREA WIDE PROTECTIVE, INC.,
d/b/a AWP, INC., a foreign profit
corporation,
              Defendant.
_____/

**JOINT MOTION TO APPROVE PARTIES' FLSA RESOLUTION**

Plaintiff CLIFTON KLUSER and DAVID SPENCER ("Plaintiffs") and Defendant, AREA WIDE PROTECTIVE, INC., d/b/a AWP, INC., ("Defendant"), pursuant to Federal Rule of Civil Procedure 41, jointly move the Court to approve the Parties' FLSA resolution, and as grounds state:

1.    Plaintiffs, Clifton Kluser and David Spencer filed the instant case on January 9, 2017, pursuant to the Fair Labor Standards Act ("FLSA"), Case No. 8:17-cv-00062-EAK-MAP (Dkt.1) seeking the recovery of minimum and overtime wages in connection with his employment with Defendants.

2.    Defendants filed a Motion to Dismiss Plaintiff's complaint on February 10, 2017 (Dkt. 12).

3.    Plaintiffs filed their response in opposition to Defendant's Motion to Dismiss on February 24, 2017 (Dkt.15)

4. The parties engaged in settlement negotiations and the exchange of payroll documents. The parties filed three separate Joint Motions regarding settlement, keeping the Court apprised of the ongoing settlement negotiations.

5. On September 27, 2017, this Court entered and Order denying Defendant's Motion to Dismiss (Dkt. 23).

6. Significantly, while all parties dispute that the other would prevail in this action, the parties jointly recognize the inherent risks of further, protracted litigation, and for Plaintiffs, the risk included the prospect of recovering *nothing*. The unpaid overtime wages claimed by Plaintiffs is set forth in the Settlement Agreement attached hereto as Exhibit "A."

7. Under the settlement, Plaintiffs agree they have received compensation for every hour worked, including compensation for every hour of overtime claimed, at the rate one half times their regular rate. Accordingly, with the parties' providing Plaintiffs with the actual amounts claimed based upon the applicable rate, the parties believe that Plaintiffs will receive consideration in full compensation for all hours worked and all overtime wages that could be recovered from Defendant. *See Mackenzie v. Kindred Hosps. E., LLC*, 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003). Specifically, Plaintiffs acknowledge they were paid overtime at one half times the regular rate, and are receiving all potentially owed overtime money to which they are entitled, including liquidated damages, without compromise. Further, Plaintiffs' counsel's attorneys' fees and costs have been negotiated separately by counsel only after a settlement was reached on Plaintiffs' claimed overtime.

8. In accordance with Eleventh Circuit precedent, judicial review and approval of an FLSA settlement provides final and binding effect. Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982), the Court's review of the parties'

Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55.  If the settlement reflects a reasonable resolution over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

9.   The parties respectfully submit that their proposed Settlement Agreement comports with the requirements of the Court in light of Eleventh Circuit precedent since *Lynn's Food*.

10.   At all times material hereto, Plaintiff and Defendants have been represented by counsel experienced in the litigation of FLSA claims and the settlement amount and Agreement were the subject of arms-length negotiations.  The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the parties' claims and defenses and make recommendations to reach a fair and reasonable resolution of this matter.

11.   Next, the parties advise the Court that the attorneys' fees and costs to be paid by Defendant under the settlement reached herein are not based upon the amounts claimed to be owed to Plaintiffs, such that there is no correlation between the amount of consideration to be paid to Plaintiffs and the attorneys' fees or costs to be paid by Defendant.  *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.*, 775 F. 2d 1541, 1542 (11th Cir. 1985).  Rather, the attorneys' fees and costs in this case were analyzed and reviewed in addition to the specific amounts claimed by Plaintiffs through his counsel.  As the Middle District and other Courts have recognized, and as the Honorable Judge Presnell explained in *Bonetti v. Embarq Management Co.*, 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009), where a "Plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff,

3

then unless the settlement does not appear reasonable on its face or there is reason to believe that the Plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to Plaintiffs' counsel.  However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach." 2009 U.S. Dist. LEXIS 68075 at *15-16.  The parties in the present matter negotiated the wages first and then separately negotiated and resolved the issue of attorneys' fees and costs, which are fair and reasonable in light of the extensive work performed.

12. Here, Defendant has agreed to pay a total of $6,750.00 in attorneys' fees and costs.  Defendant agrees that the sums to be paid under the parties' settlement for Plaintiffs' and attorneys' fees and costs are fair and reasonable based upon the circumstances of this case.

**WHEREFORE,** and based upon the foregoing, the parties respectfully request the Court approve the attached, executed, settlement agreement and dismiss this case with prejudice.

**Dated November 16, 2017**

Respectfully submitted,

| /s/ *Marc R. Edelman*<br>Marc R. Edelman, Esq.<br>Fla. Bar No. 0096342<br>MEdelman@forthepeople.com<br>MORGAN & MORGAN<br>201 N. Franklin Street, #700<br>Tampa, FL 33602<br>Telephone 813-223-5505<br>Fax:  813-257-0572<br>Attorney for Plaintiff | /s/ *Cary Cash*<br>Cary Cash, Esq.<br>Fla. Bar No.:15082<br>cary.cash@brasfieldlaw.net<br>Brasfield, Freeman, Goldis & Cash, P.A.<br>2553 1st Avenue North<br>Saint Petersburg, Florida 33713<br>Telephone: 727-327-2258<br>Fax: 727-328-1340<br>*Attorneys for Defendant* |
|---|---|