UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLIFTON KLUSER and DAVID
SPENCER, on behalf of themselves and
others similarly situated,

                Plaintiffs,

                                            CASE NO.:   8:17-CV-00062-EAK-MAP

vs.

AREA WIDE PROTECTIVE, INC.,
d/b/a AWP, INC., a foreign profit
corporation,
                Defendant.
_____/

**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

      This Settlement Agreement and Release of Claims (the "Agreement") is made by and between CLIFTON KLUSER and DAVID SPENCER ("Plaintiffs") and AREA WIDE PROTECTIVE, INC. d/b/a AWP, INC. ("Defendant").  Plaintiffs and Defendant collectively are referred to as the "Parties" in this Agreement.

**Recitals**

      A.      Plaintiffs were employed by Defendant as non-exempt employees.

      B.      On January 9, 2017, Plaintiffs commenced a civil action against Defendant in the United States Court for the Middle District of Florida, CASE NO.:   8:17-CV-00062-EAK-MAP (the "Action").

      C.      After private settlement negotiations in which the Parties were represented by their respective counsel of record, Plaintiffs and Defendant have agreed to settle the Action by means of this Agreement.

      D.      Nothing contained in this Agreement, and no act taken pursuant to it, will constitute an admission by Defendant of any liability to Plaintiffs or to anyone else because of or growing out of matters set forth in the pleadings of Plaintiffs in the Action. In fact, Defendant specifically denies that they engaged in any improper or unlawful act in connection with any monies paid or allegedly owed to Plaintiffs.



1

  E. Plaintiffs acknowledge the payment of the monies by Defendant identified herein constitutes full and complete payment of any unpaid wages allegedly owed to him at the time of execution of this Agreement. Accordingly, Plaintiffs agree that they have been paid all wages owed to them, including overtime wages for all hours worked over 40 in the pay periods in question, and liquidated ("double") damages for any previously unpaid time.

  F. In the negotiation and drafting of this Agreement, Plaintiffs have been represented by Marc R. Edelman, Esq. of Morgan & Morgan, P.A. and Defendant has been represented by Cary Cash, Esq. of Brasfield, Freeman Goldis & Cash, P.A.

  G. Plaintiffs acknowledge and represent that they are fully competent to enter into this Agreement, that they have had a reasonable amount of time in which to consider this Agreement before executing it, that they have been advised by his attorneys about its terms and effect, and that they are entering into this Agreement knowingly and voluntarily.

  H. Plaintiffs and their counsel believe that the settlement provided in this Agreement is in the best interest of Plaintiffs and represents a fair, reasonable, and adequate resolution of the Action.

  I. The Parties represent that the Plaintiff's attorneys' fees were negotiated and agreed upon separately without regard to the amount paid to the Plaintiffs.

  J. The Parties represent that Plaintiff, KLUSER calculated, and the records reflect, that he was entitled to TWO THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS and ZERO CENTS ($2,750.00) times 2 (liquidated damages), for a total of FIVE THOUSAND FIVE HUNDRED DOLLARS owed for unpaid wages. Plaintiff, SPENCER calculated, and the records reflect, that he was entitled to SIX HUNDRED TWENTY FIVE DOLLARS ($625.00) times 2 (liquidated damages) owed for a total of ONE THOUSAND TWO HUNDRED AND FIFTY DOLLARS. The Parties engaged in good faith, arms-length negotiations to arrive at a fair, adequate, and reasonable resolution of Plaintiffs unpaid overtime wage claims.

  Based on these recitals, the Parties agree as follows:

### Terms

1. <u>Dismissal of the Action; Settlement Payments</u>.

  a. Within three (3) business days after complete execution of the Agreement, Plaintiff will file, in the form evidenced by **Exhibit 1** to this Agreement, the Joint Motion to Approve Settlement; and

  b. Should the District Court require additional information from the Parties or require their appearance before approving the settlement and dismissing the Action, the Parties will cooperate in providing that information and making that appearance.

  c. If the District Court approves the Stipulation and dismisses the Action, then within seven (7) business days after the date of dismissal and upon receipt of signed IRS Form W-9 from Plaintiffs and Plaintiffs' counsel, Defendant will cause to be

delivered to counsel for Plaintiffs checks for each Plaintiff and Plaintiff's counsel, as follows:

    (i)    Two (2) checks payable to **_Clifton Kluser_** representing the total amount of Five Thousand Five Hundred Dollars and zero cents ($5,500.00) (less appropriate deductions) payable as follows:

        (a)    <u>Two Thousand, Seven Hundred and Fifty 00/100</u> Dollars ($2,750.00) as taxable wages, less appropriate withholdings, to represent the unpaid overtime claim. An IRS Form W-2 will be issued to Plaintiff in this amount; and

        (b)    <u>Two Thousand, Seven Hundred and Fifty 00/100</u> Dollars ($2,750.00) as liquidated damages, with no withholdings. An IRS Form 1099 will be issued to Plaintiff in this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed agreement.

    (ii)    Two (2) checks payable to **_David Spencer_** representing the total amount of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($1,250.00.) (less appropriate deductions) payable as follows:

        (a)    Six Hundred and Twenty Five Dollars and Zero Cents ($625.00) as taxable wages, less appropriate withholdings, to represent the unpaid overtime claim. An IRS Form W-2 will be issued to Plaintiff in this amount; and

        (b)    Six Hundred and Twenty Five Dollars and Zero Cents ($625.00) as liquidated damages, with no withholdings. An IRS Form 1099 will be issued to Plaintiff in this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed agreement.

    (iii)    One (1) check payable to the Trust Account of Morgan & Morgan, representing the total amount of One Thousand Two Hundred and Fifty Dollars and Zero Cents ($6,750.00.) to represent attorneys' fees and costs. An IRS Form 1099 will be issued to Morgan & Morgan, in this amount. Morgan & Morgan, must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed agreement.

    2.    <u>Release of Claims</u>. Plaintiffs, waive and release and promises never to assert any and all claims that exist or might exist against Defendants for unpaid wages or overtime pay under the Fair Labor Standards Act or Fla. Stat. §448.10.

3

3. Severability. If any provision of this Agreement is held to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect.

4. Attorneys' Fees. Attorneys' fees were negotiated separately and apart from Plaintiffs' recovery. The Parties agree that other than what is described in Paragraph 1(c)(ii)(iv), each party will bear his own attorneys' fees and costs. Plaintiff acknowledges and agrees that with the payment made in Paragraph 1(c)(iii, their claims for attorney's fees through the execution of this Agreement is completely satisfied, such that their attorney is not entitled to any additional amount of attorney's fees for any work performed on his behalf through dismissal of this matter.

5. Binding agreement. This Agreement will bind and inure to the benefit of the Parties and all of their heirs, executors, administrators, successors, assigns, and legal representatives, as well as all other persons in privity with them. Notwithstanding any privilege applicable to settlement proceedings, this Agreement may be introduced into evidence to prove the Parties' settlement agreement.

6. Entire agreement. This Agreement may be amended only by written agreement, signed by the Party or Parties to be bound by the amendment. Parol evidence will be inadmissible to show agreement by and between the Parties to any term or condition contrary to or in addition to the terms and conditions contained in this Agreement.

7. Governing law. This Agreement is made, and will be construed, under Florida law, without regard to its conflict of laws provision.

8. Enforceability. The Parties hereto acknowledge that this Agreement is enforceable in the District Court for the Middle District of Florida. The interpretation and application of the terms of this Agreement shall be governed and construed in accordance with the laws of the State of Florida.

9. Counterpart originals. This Agreement may be executed in counterpart originals with each counterpart to be treated the same as a single original. Facsimile or electronically scanned and transmitted signatures and copies are permitted and acceptable to both parties.

10. Remedies for Breach. In any action for breach or enforcement of this Agreement, the prevailing party will be entitled to recovery of reasonable attorneys' fees and costs.

**Execution by Parties**

The Parties hereby execute this Agreement.

AS TO PLAINTIFF:

_____     _____11-16-17_____
CLIFTON KLUSER                      DATE

4

_____  _____

/s/ David Spencer            11/14/17
**DAVID SPENCER**            **DATE**

AS TO DEFENDANT

/s/ Demean Liazzi  ASST DIR. OF HR.    11/10/17
**AREA WIDE PROTECTIVE, INC d/b/a AWP, INC.**    **DATE**
BY:

_____  _____

5